# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MARY FRANCES HUFF,**

    **Plaintiff,**

**v.**                                              **Case No. 8:07-cv-1666-T-30TBM**

**CHRISTOPHER SABELL, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Plaintiff's Affidavit of Indigency (Doc. 2), which is construed as a motion for leave to proceed *in forma pauperis*. Plaintiff's affidavit suggests that she is indigent and should be allowed to proceed without paying the usual filing fee for civil actions. However, 28 U.S.C. § 1915 requires the court to dismiss the case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted. Id. § 1915(e)(2)(A), (B).

Plaintiff, who is proceeding *pro se*, alleges in her Complaint:

> Plaintiff ms. Mary Frances Huff is suit, Defendants Christopher Sabella and Claudia Isom, Midfirst Bank and Midland Mortgage for $700,000.00 and Ms Mary Frances Huff have a 40kplan $10,000.00 and a $117.000.00 loan from Yale Mortgage Corporation Christopher Sabella and Claudia Isom Misconduct, hostile, negligence malice. I try all I can to fix this. My house $275.000.00 and it is pay for I live their 29 years. William Huff Jr have a court order to pay Midland.

(Doc. 1) (typographical errors in the original).  In support thereof, Plaintiff files a "QDRO FAQ" page from the website of Stan Beutler, J.D.  <u>Id.</u> at 2-5.  No further information is provided.  While *pro se* pleadings are to be construed liberally, the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, and the court is unable to ascertain the type of claim Plaintiff is attempting to assert.  Moreover, Plaintiff has failed to have her Affidavit of Indigency notarized.

Accordingly, it is RECOMMENDED that the court DENY WITHOUT PREJUDICE Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and direct the Plaintiff to refile her Complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of this court within twenty (20) days.[1]  The Clerk shall forward to Plaintiff a copy of this Report and Recommendation and a brochure from the Federal Bar Association Pro Bono Civil Litigation Project.  It is strongly urged that Plaintiff seek the assistance of an attorney through this program or elsewhere before again filing papers with this court.

Respectfully submitted on this
21th day of September 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

---

[1] Among other places, the Federal Rules of Civil Procedure can be found online at http://www.uscourts.gov/rules/newrules4.html, and the Local Rules can be found at the "Forms, Policies, and Publications" section of this court's website at http://www.uscourts.gov.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, Jr., United States District Judge
Pro se Plaintiff